IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HASSANE BOUDI<br>408 Marion Street, Apt C.<br>Jersey Shore, PA 17740<br><br>      Plaintiff,<br><br>    v.<br><br>NICHOLAS MEAT, LLC<br>508 East Valley Road<br>Loganton, PA 17747<br><br>      Defendant. | CASE NO. |

**CIVIL ACTION COMPLAINT**

**I.   PARTIES AND JURISDICTION.**

1. Plaintiff, Hassane Boudi, brings this action against his former employer Defendant Nicholas Meat, LLC for unlawfully terminating him, and retaliating against him, in violation of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101) ("ADA") and Pennsylvania public policy.

2. Plaintiff, Hassane Boudi, is an individual and citizen of the Commonwealth of Pennsylvania. He resides at 408 Marion Street, Apt C, Jersey Shore, PA 17740.

3. Defendant, Nicholas Meat, LLC, (hereinafter "Defendant") employed Plaintiff at 508 East Valley Road, Loganton, PA 17747.

4. At all times relevant, Defendant and their respective agents, employees and representatives were the agents, employees or representatives of each other and as such their joint interaction, relationship, and joint or related actions regarding Plaintiff's employment, and with respect to any of their actions which give rise to or relating in any way to any and all wrongful

1

or unlawful acts as alleged herein, are such that they must be held as joint employers under all applicable laws.

5. At all times relevant to this Action, Defendant employed or upon information and belief employed more than 15 employees.

6. At all times relevant to this Action, Defendant acted by and through their respective authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of their respective businesses.

7. At all times relevant to this Action, Defendant was an employer within the meaning of the ADA and PHRA

8. At all times relevant to this Action, Plaintiff was an employee within the meaning of the ADA and PHRA.

## JURISDICTION AND VENUE

9. The Complaint alleges illegal discrimination and retaliation on the basis of Plaintiff's disability under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq* and similar provisions under the Pennsylvania Human Relations Act ("PHRA").

10. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

11. This Honorable Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

12. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims in this Judicial District.

13. Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of the Dismissal and Notice of Rights to Sue issued by the EEOC).

## FACTUAL ALLEGATIONS

14. Plaintiff was hired by Defendant Nicholas Meat, LLC on or about May 28, 2018 and by all accounts was a loyal diligent and competent employee.

15. Plaintiff held the position of Fabrication Manager.

16. Plaintiff suffers from diabetes.

17. Upon hire Plaintiff specifically informed them that he suffered from diabetes.

18. On or about March 22, 2020, Plaintiff returned from a trip overseas due to Covid-19.

19. Plaintiff quarantined for 14 days following his return.

20. During his quarantine, Plaintiff was admitted to the hospital for abdominal pain.

21. It was determined Plaintiff had an infected appendix and would require surgery.

22. On or about March 30, 2020, Plaintiff was released home and placed on antibiotics.

23. Plaintiff was to return in six (6) weeks for an appendectomy.

24. Upon his release from the hospital, Plaintiff contacted Defendant owner, Douglas Nicholas, and informed him of his condition and need for surgery.

25. Mr. Nicholas got extremely upset and told Plaintiff he could not take off time for surgery.

26. Plaintiff continued to work and complete all his duties after he was released from the hospital.

27. On or about April 7, 2020 an employee tested for Covid-19.

28. Plaintiff took this opportunity to speak to Plant Manager, Elliot Keller regarding concerns of employee health and reiterated that he had diabetes and was high risk.

29. On or about April 14, 2020 Mr. Keller terminated Plaintiff's employment with Defendant.

30. Mr. Keller stated that the reason for Plaintiff's termination was concerns over Plaintiff's health.

## COUNT I
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT DISCRIMINATION
## (42 U.S.C. § 12101 *et seq.*)

31. Plaintiff incorporates by reference the paragraphs above.

32. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, an employer may not discriminate against an employee based on a disability.

33. As a result of his medical condition, Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

34. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

35. At all times material hereto, Plaintiff had a qualified disability, as described above.

36. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of his disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

37. Defendant failed to engage in an interactive discussion of Plaintiff's disability and failed to reasonably accommodate his disability.

38. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain

and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

39. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

40. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

41. Plaintiff demands attorneys' fees and court costs.

## COUNT II
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT RETALIATION
**(42 U.S.C.A. § 12101 *et seq*.)**

42. Plaintiff incorporates by reference the paragraphs above.

43. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*., an employer may not retaliate against an employee based upon his exercising his rights under the Americans with Disabilities Act.

44. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

45. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

46. As set forth above, Plaintiff engaged in protected activity when he requested an accommodation for his qualified disability.

47. As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

48. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

49. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

50. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

51. Plaintiff demands attorneys' fees and court costs.

### COUNT III
### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT
### DISCRIMINATION
### (43 P.S. § 951, *et seq*.)

52. Plaintiff incorporates by reference the paragraphs above.

53. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, an employer may discriminate against an employee as a result of that employee's disability.

54. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

55. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

56. Defendant's conduct in terminating Plaintiff's employment is an adverse action, was taken as a result of his disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

57. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

58. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

59. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*., Plaintiff demands attorney's fees and court costs.

## COUNT IV
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT
## RETALIATION
## (43 P.S. § 951, *et seq*.)

60. Plaintiff incorporates by reference the paragraphs above.

61. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, an employer may not retaliate against an employee as a result of that employee engaging in protected activity due to that employee's disability.

62. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

63. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

64. Defendant's conduct in terminating Plaintiff's employment is an adverse action, was taken as a result of him engaging in protected activity by requesting continued accommodations for his disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

65. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

66. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

67. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*., Plaintiff demands attorney's fees and court costs.

## JURY TRIAL

95. Plaintiff demands a trial by jury on all claims triable by a jury in this lawsuit.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

  a. Declaring the acts and practices complained of herein to be in violation of the ADA;

  b. Declaring the acts and practices complained of herein to be in violation of the PHRA;

  c. Declaring the acts and practices complained of herein to be in violation of Pennsylvania public policy;

  d. Enjoining and restraining permanently the violations alleged herein;

e. Awarding Plaintiff back-pay;

f. Awarding Plaintiff front-pay;

g. Awarding interest;

h. Awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

i. Awarding punitive damages;

j. Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

k. Awarding Plaintiff such other damages as are appropriate under the ADA, PHRA, and Pennsylvania law; and

l. Granting such other and further relief as this Court deems appropriate.

Date: May 13, 2021                    **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:  */s/Robert G. Graff, Esq.*
Robert G. Graff, Esq., PA ID No. 206233
600 N. Jackson St., Suite 201
Media, PA 19063
Telephone: 267-546-0132
Telefax: 215-944-6124
robertg@ericshore.com
*Attorneys for Plaintiff Hassane Boudi*